509 A.2d 417

**Harlin TACKETT, Appellee,**

v.

**Marie TACKETT, Appellant, Trustee, Stewart Barmen.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed May 19, 1986.

Michael I. Markowitz, Pittsburgh, for appellant.

Diana F. Wilkins, Pittsburgh, for appellee.

Before CAVANAUGH, BROSKY and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from an Order entered March 5, 1984 in the Court of Common Pleas of Allegheny County dismissing appellant's exceptions and adopting a Decree Nisi as a final decree.

On September 25, 1979, appellee Harlin Tackett commenced an action in equity for the partition of real estate of a former husband and wife. Appellant-wife and appellee-husband were divorced pursuant to a divorce decree entered March 20, 1978. On September 5, 1980, the court below entered an order appointing a Trustee for the purpose of partition of the parties' marital residence. The court below ordered the sale of the property upon the Trustee's recommendation on May 7, 1982. Upon failure of the Trustee to conduct a private sale confined to the parties, the court below entered an Order on August 18, 1982, authorizing the Trustee to conduct a private sale not confined to the parties. By an order dated August 4, 1983, the sale of the property by the Trustee for the total price of $55,000.00 was approved. On January 30, 1984, the lower court entered a Decree Nisi approving the Trustee's Return of Sale and distributing proceeds of the sale in accordance with the Trustee's recommendations. On February 9, 1984, appellant-wife filed a Motion for Post-Trial Relief. On March 5, 1984, the court below entered an Order dismissing the exceptions of appellant and adopting and entering the Decree Nisi as the Final Decree. Timely appeal to this Court followed.

Appellant presents the following questions for our consideration: (1) Did the court below err in allowing appellee's claim for reimbursement for his costs of improving the marital residence? (2) Did the court below err when it allowed the deduction of an amount paid to satisfy a judgment against the appellant from the appellant's share of the proceeds of the partition sale even though a Decree of Divorce was not recorded in accordance with Pa.Stat.Ann. tit. 68 § 503 (Purdon 1984–1985)? (3) Did the court below err in failing to include certain court costs and interest in the sum to be paid to the appellant in satisfaction of a judgment held against the appellee?

The court below has adequately disposed of the first and second questions presented on appeal. Accordingly, we turn to the remaining question.

Appellant contends in her third issue that the court below erred in approving the Trustee's determination regarding the amount to be paid in satisfaction of a judgment against appellee held by appellant. The sum which the trustee decided should be paid did not include court costs outstanding from the underlying action (including the cost of a satisfaction of judgment certificate which appellant was required to secure by the terms of the trustee's "return of sale and schedule of distribution"). Additionally, appellant opposes the trustee's determination that no interest be paid on the amount of the judgment outstanding to her after November 30, 1983.

■ The court below recognized and we agree that denial of those costs was improper in light of the clear instruction of the statute (68 P.S.A. Section 503) to include costs when determining the amount to be deducted from the share of a party against whom a lien has been filed.

■ Regarding the interest, the judgment against appellee and in favor of appellant was based on a Decree Nisi in the amount of $2,297.00 entered in the Court of Common Pleas of Allegheny County on December 17, 1979. However, a judgment in favor of appellant and against appellee in the amount of $3,026.94 was entered upon revival of the Decree Nisi on April 3, 1985. Appellee submits that appellant is only entitled to that interest which accrued prior to the funds being deposited in the escrow account as the escrow account is an interest bearing account.

The statute (68 Pa.S.A. § 503) provides that interest shall be paid, however, Section 503 does not mandate that interest shall be paid twice. Therefore, we cannot conclude that the trial court erred in approving the trustee's decision not to permit the interest.

Considering the foregoing we reverse and remand that portion of the trial court's order denying appellant's costs with instructions to deduct those costs from appellee's share. As to the remaining questions, we affirmed the trial court's order.

Affirmed in part; reversed in part and remanded in accordance with this opinion. Jurisdiction relinquished.

CAVANAUGH, J., files a concurring opinion.

CAVANAUGH, Judge, concurring:

I *join* Judge Watkins' opinion in the above-captioned case but write only to state my understanding that we are remanding here only because the lower court never entered an order awarding court costs outstanding from the underlying action in accordance with 68 Pa.S. § 503.